. In re RICE.

(District Court, S. D. New York. March 31, 1919.)

1. Post Office ⊕═26—Impounding Mail—Stipulation.
   A stipulation under which a person against whom a fraud order had been prepared agreed that mail addressed to him might be impounded by the post office authorities pending hearing on the fraud order, approved.

2. Bankruptcy ⊕═288(1)—Adverse Claims—Motions.
   The postmaster's possession of a bankrupt's mail, which had been impounded pending hearing on a fraud order prepared by the Post Office Department, is an adverse claim, which cannot be disposed of by summary motion.

In Bankruptcy. In the matter of George Graham Rice, bankrupt. On motion by bankrupt's receiver that the post office authorities turn over to him certain mail of the bankrupt, or that he be allowed access to it. Motion denied without prejudice.

Irving L. Ernst and Bernard Naumburg, both of New York City, for the motion.

J. Julien Southerland, Sr. Asst. Atty. for P. O. Dept., of Washington, D. C. (Candler Cobb, Asst. U. S. Atty., of New York City, of counsel), opposed.

MAYER, District Judge. Rice has been adjudicated a bankrupt, and pending the selection of a trustee a receiver has been appointed.

In August, 1914, the postmaster at New York was instructed to hold Rice's mail; a fraud order memorandum and a fraud order having been prepared by the Post Office Department at Washington. While the department felt justified in making a fraud order, without notice, yet, as matter of fairness, the officials concluded to give Rice a hearing and "abundant opportunity to submit any matter he might desire to present upon the one condition that he would stipulate to have all mail addressed to him thereafter impounded, so that any delays incident to a hearing would not operate to the injury of the public."

Rice so stipulated on August 13, 1914. Various delays have occurred, so that there is not as yet a decision by the department as to whether or not a fraud order should issue, and the mail is still impounded pursuant to Rice's stipulation.

[1] The action of the department was fully justified. Its method of stipulating is to be encouraged. By this means, on the one hand, the public is protected, and, on the other, the person involved has a fair opportunity to be heard. The receiver now asks that the mail be turned over to him, or that he shall have access thereto.

[2] Counsel have presented arguments in favor of and against the ultimate right of the receiver to the possession of the mail; but these need not be considered at this time because the application, in any event, is premature. If no fraud order should issue, then the receiver or trustee will be entitled to the mail addressed to Rice; meanwhile the

mail by Rice's stipulation is in the possession of the postmaster. That possession cannot be disturbed by a receiver in bankruptcy, who, in this situation, is merely a custodian, and is not vested with title. The claim to the possession of the mail by the postmaster is an adverse claim, which cannot be disposed of by summary motion under the now well-settled practice in this circuit. True, the postmaster does not set up adverse title in himself; but he does deny right of possession on the law and on facts, which, in this case, present a situation analogous with a claim of adverse title.

If the matter were one of discretion, that discretion should be exercised to aid the Post Office Department in safeguarding the public against loss by fraudulent schemes, rather than to add a possible few dollars to the estate.

Motion denied without prejudice to such suit or proceedings as the trustee may bring, if so advised.